FILED
SUPERIOR COURT
OF GUAM

2019 JUL 15 AM 10: 10

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

     vs.

TEDDY BENAVENTE DUENAS,
DOB:01/27/1959

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0123-19

**DECISION AND ORDER DENYING MOTION FOR BAIL REDETERMINATION FOR RELEASE ON PERSONAL RECOGNIZANCE**

## INTRODUCTION

This matter came before the Honorable Maria T, Cenzon on June 5 and 18, 2019 for a hearing on Teddy Benavente Duenas' ("Defendant") Motion for Bail Redetermination for Release on Personal Recognizance ("Motion to Release"). Defendant was present and represented by Assistant Public Defender Zachary Taimanglo. Chief Prosecutor J. Basil O'Mallan, III represented the People of Guam. Having heard the parties' oral arguments and reviewed the record and relevant law, the Court ruled from the bench DENYING Defendant's Motion to Release. The Court now issues this Decision and Order memorializing its oral ruling and in compliance with 8 GCA § 40.50 to set forth the reasons for requiring the conditions imposed.

## BACKGROUND

The Indictment alleges Three Counts of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (as a 1st Degree Felony) along with a SPECIAL ALLEGATION: Vulnerable Victim. Indictment (Mar. 11, 2019). Defendant is accused of engaging in sexual contact about six years ago or in 2013 when the victim was about eight years old. Defendant is confined

pending the posting of ten thousand dollars ($10,000) cash bail. Commitment Order (Mar. 1, 2019).

On May 31, 2019, Defendant moved for a bail redetermination hearing for release on personal recognizance. The Court first heard the instant motion on June 5, 2019 and subsequently ordered Probation Services to conduct a home assessment, including a determination of whether any minors reside at the proposed home. On June 18, 2019, the Court was informed although no minors reside at the proposed home, it is located in a residential area close to an elementary school. Although no written oppositions were filed by the People, it orally opposed the motion at both hearings.

## DISCUSSION

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) *The nature of the offense charged*, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged ...
(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) Placement of restrictions on the activities, movements, associations and residence of the person;

(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the Court shall impose the least onerous conditions to ensure Defendant's appearance as required and safety of any other person and the community.

Here, the Defendant is charged with Three Counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Further, the Defendant is seeking release on his own recognizance and proffers that he will reside in a home owned by his sister. This proposed home, however, is located near an elementary school. The Court therefore is concerned with the nature and seriousness of the danger the Defendant would pose to the community or to any individual member thereof if released on his own recognizance without any supervision of a designated person. Accordingly, the Court finds these factors weigh against release on personal recognizance.

Lastly, there is nothing to suggest the circumstances today vary from the time the Magistrate Judge considered setting Defendant's bail at $10,000. Therefore, upon the court's review, Defendant's release only on personal recognizance does not sufficiently relieve the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with appropriate, proposed third-party custodians in the future.

SO ORDERED this ____**JUL 15 2019**____ ,-*nunc pro tunc* to June 18, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

1) DIFOIS
2) PAS
Date: ___ Time: ___

Deputy Clerk, Superior Court of Guam

*People v. Teddy Benavente Duenas*; CF0123-19
Decision and Order Denying Motion for Bail Redetermination
Page 3 of 3